■ GARY M. HUGELMAIER, Respondent, v TOWN OF SWEDEN, Appellant, et al., Defendants. (Appeal No. 1.) — Order reversed, without costs, and defendant

Town of Sweden's motion granted. Memorandum: Special Term erred in not granting defendant Town of Sweden's motion for summary judgment. Plaintiff's papers in opposition to defendant's motion were defective in that they failed to set forth any evidence that defendant had negligently repaired or maintained Redman Road. The conclusory allegation of negligence contained in plaintiff's attorney's affidavit, made without personal knowledge of the facts, was without probative value and, hence, insufficient to defeat defendant's motion for summary judgment (see, e.g., *Marine Midland Bank v Hall,* 74 AD2d 729). All concur, except Callahan and O'Donnell, JJ., who dissent and vote to affirm in the following memorandum.

Callahan and O'Donnell, JJ. (dissenting). Special Term's original order denying summary judgment may have been improper. However, inclusion of the expert's affidavit remedies the defects in the earlier proof (see *Matter of Fahey v Whalen,* 54 AD2d 1097, 1098) and establishes the existence of a material triable issue of fact, making denial of the motion proper (*Zuckerman v City of New York,* 49 NY2d 557; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). (Appeal from order of Supreme Court, Monroe County, John J. Conway, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.