■ GARY M. HUGELMAIER, Respondent-Appellant, v TOWN OF SWEDEN et al., Defendants, and COUNTY OF MONROE, Appellant-Respondent.—Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff was injured in a one-car accident on a county road situated within the Town of Sweden. On a prior appeal, we determined that plaintiff failed to demonstrate any negligence on the part of the Town of Sweden, and we granted summary judgment in favor of the town *(Hugelmaier v Town of Sweden,* 101 AD2d 995, *affd* 63 NY2d 909). Following that decision, the County of Monroe amended its answer to assert collateral estoppel as an affirmative defense. The county alleged that it had a contract with the Town of Sweden for maintenance of the road and since the town was not negligent, the county could not be found negligent.

The county then moved for summary judgment based upon its collateral estoppel defense. It also claimed that the allegations in the complaint of negligent design and construction and the specification of dangerous conditions in the bill of particulars materially differed from the statement of negligent maintenance in the notice of claim and should, therefore, be dismissed. Plaintiff cross-moved for partial summary judgment dismissing the collateral estoppel defense.

The court properly denied the county's motion for summary judgment based on collateral estoppel because the county failed to demonstrate the existence of any particular contract or its terms and conditions. The claims of negligent design and construction were also properly dismissed. Negligent construction was never alleged, and the notice of claim fails to give the county notice of any design defect in a manner adequate to permit an investigation.

We modify to deny the cross motion for summary judgment dismissing the collateral estoppel defense. Plaintiff failed to negate the possibility that the sole cause of the accident and injury was an affirmative act performed by the Town of Sweden. If such proof should develop at trial, plaintiff would then be estopped from claiming that the town acted negligently, and liability could not be vicariously imposed upon the county.

We note that the court failed to rule upon the county's contention that the dangerous conditions listed in the bill of particulars materially differed from conditions stated in the notice of claim. In our view, there was no material variance *(see, McDougal v County of Livingston,* 89 AD2d 815).

Accordingly, we modify the order by denying plaintiff's cross motion for summary judgment and by denying that portion of the county's motion for summary judgment dismissing the claim of negligent maintenance. (Appeals from order of Supreme Court, Monroe County, Purple, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.