■ DINA SEMPRINI, Appellant, v VILLAGE OF SOUTHAMPTON, Respondent, et al., Defendants. [852 NYS2d 208]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Costello, J.), entered April 3, 2007, which, upon a decision of the same court dated December 5, 2006, granted the motion of the defendant Village of Southampton for summary judgment dismissing the complaint insofar as asserted against it, and dismissed the complaint insofar as asserted against that defendant.

Ordered that the order and judgment is affirmed, with costs.

The defendant Village of Southampton (hereinafter the Village) made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it had no prior written notice of the allegedly defective curb condition, as required by Southampton Village Code § 95-25 (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Lawler v City of Yonkers*, 45 AD3d 813 [2007]; *Koehler v Incorporated Vil. of Lindenhurst*, 42 AD3d 438 [2007]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition to the Village's motion, the plaintiff conceded that there had been no such notice. However, she sought to demonstrate that an exception to the written notice rule applied, by attempting to raise a triable issue of fact as to whether the Village created the alleged defect through an affirmative act of negligence (*see Oboler v City of New York*, 8 NY3d 888, 889-890 [2007]; *Amabile v City of Buffalo*, 93 NY2d at 474). She failed to do so (*see Kravatz v County of Suffolk*, 40 AD3d 1042 [2007]). The plaintiff did not allege the affirmative negligence theory of liability upon which she now relies in her notice of claim or complaint, but instead waited until approximately 20 months after the accident to do so, in her bill of particulars. That was improper, as a party may not add a new theory of liability which was not included in the notice of claim (*see Monmasterio v New York City Hous. Auth.*, 39 AD3d 354, 355-356 [2007]; *Lopez v New York City Hous. Auth.*, 16 AD3d 164, 165 [2005]). The plaintiff never sought leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), containing her new theory, and it was not asserted until after the one-year-and-90-day statute of limitations period for a late notice expired (*see Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411 [2004]). The plaintiff's sug-

gestion that the Supreme Court erred in not allowing her to correct her notice of claim pursuant to General Municipal Law § 50-e (6) is without merit. She never sought leave to do so, and in any event, a request would have been futile since § 50-e (6) allows good-faith, nonprejudicial technical changes, but not substantive changes in the theory of liability (*see Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411 [2004]).

Accordingly, the Supreme Court correctly granted the Village's motion for summary judgment dismissing the complaint insofar as asserted against it.

In light of the foregoing determination, we need not address the parties' remaining contentions. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.