■ PIERRE MACCAGNO, PH.D., Appellant, v JOHN J. PRIOR, JR., et al., Respondents. [910 NYS2d 646]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered December 18, 2009, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for a default judgment, unanimously affirmed, without costs.

There was no default because defendants had requested and received an extension of time to respond to the complaint (*see Grant v City of New York*, 17 AD3d 215, 217 [2005]), they timely served their motion to dismiss in full compliance with CPLR 2103 (b) (2), and they complied with the court's instruction that they need not respond to interrogatories until the court directed otherwise.

In dismissing the complaint in its entirety, the court held that plaintiff inadequately pleaded a cause of action under the Whistleblower Law, but in doing so, elected a remedy that effectively waived any other rights and remedies it had (Labor Law § 740 [7]; *see Reddington v Staten Is. Univ. Hosp.*, 11 NY3d

80, 87 [2008]; *Bones v Prudential Fin., Inc.*, 54 AD3d 589 [2008]). Plaintiff's claim for retaliation did not fall within the ambit of section 740 because the conduct he sought to expose did not constitute the violation of a law, rule or regulation that presented "a substantial and specific danger to the public health or safety" (§ 740 [2] [a]; *see Lamagna v New York State Assn. for Help of Retarded Children*, 158 AD2d 588 [1990]). Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.