■ PATRICK J. O'CONNOR, Respondent, v HUNTINGTON U.F.S.D. et al., Appellants. [929 NYS2d 743]—

"Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of an action against a school district" (*Matter of Surdo v Levittown Pub. School Dist.*, 41 AD3d 486, 487 [2007]; *see* Education Law § 3813; General Municipal Law § 50-e [1] [a]). Although "courts have not interpreted the statute to require that a claimant state a precise cause of action in haec verba in a notice of claim" (*DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [1992]), "a party may not add a new theory of liability which was not included in the notice of claim" (*Semprini v Village of Southampton*, 48 AD3d 543, 544 [2008]; *see Mazzilli v City of New York*, 154 AD2d 355, 357 [1989]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the third cause of action alleging negligent supervision by submitting proof that the notice of claim served by the plaintiff did not mention this theory (*see Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 704 [2010]; *Bryant v City of New York*, 188 AD2d 445, 446 [1992]; *Demorcy v City of New York*, 137 AD2d 650, 650-651

[1988]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action alleging negligent supervision. Skelos, J.P., Belen, Hall and Roman, JJ., concur.