■ ANA R., Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [943 NYS2d 765]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated February 1, 2011, as denied that branch of her motion which was to compel the defendant to produce records of inspection and repairs related to a fire that took place in the stairwell of the defendant's building, and granted that branch of the defendant's motion which was to preclude the plaintiff from asserting, as a theory of liability, that the condition of the stairwell and nearby area was a contributing factor to her injuries.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a notice of claim dated November 4, 2004, the plaintiff alleged that on August 31, 2004, she was sexually assaulted near the 10th floor elevator of the defendant's building by several perpetrators "who gained entrance into said building as the result of a lack of security and supervision through the front entrance of said building which was unlocked and unsecured at the time." The plaintiff subsequently commenced this action to recover damages for personal injuries arising out of the sexual assault.

The Supreme Court properly denied that branch of the plaintiff's motion which was to compel the defendant to produce records of inspection and repairs related to a fire that took place in the stairwell of the defendant's building, and properly granted that branch of the defendant's motion which was to preclude the plaintiff from asserting, as a theory of liability,

that the condition of the stairwell and nearby area was a contributing factor to her injuries. "[A] party may not add a new theory of liability which was not included in the notice of claim" (*Semprini v Village of Southampton*, 48 AD3d 543, 544 [2008]; *see Gabriel v City of New York*, 89 AD3d 982, 983 [2011]; *O'Connor v Huntington U.F.S.D*, 87 AD3d 571 [2011]). Here, neither the plaintiff's notice of claim nor the plaintiff's General Municipal Law § 50-h examination testimony put the defendant on notice of the plaintiff's allegation that the condition of the building's stairwell and nearby area, which resulted from a fire that took place in that stairwell, contributed to her injuries (*see Manns v New York City Tr. Auth.*, 50 AD3d 860, 861 [2008]; *Monmasterio v New York City Hous. Auth.*, 39 AD3d 354, 355-356 [2007]; *White v New York City Hous. Auth.*, 288 AD2d 150 [2001]). Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.