■ PAUL WILLIAMS et al., Appellants, v COUNTY OF WESTCHESTER, Respondent, et al., Defendants. [960 NYS2d 149]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered October 25, 2011, which granted the motion of the defendant County of Westchester for leave to reargue its motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of the same court entered March 11, 2011, and, upon reargument, in effect, vacated the determination in the order entered March 11, 2011, and thereupon granted the motion for summary judgment dismissing the complaint insofar as asserted against the County of Westchester.

Ordered that the order entered October 25, 2011, is affirmed, with costs.

The injured plaintiff allegedly sustained injuries while operating his motor vehicle southbound on the Bronx River Parkway when his vehicle veered from the road and struck a tree. The injured plaintiff had no recollection of how the accident occurred. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages from, among others, the County of Westchester.

The Supreme Court providently exercised its discretion in granting that branch of the County's motion which was for

leave to reargue its motion for summary judgment dismissing the complaint insofar as asserted against it, as the court had overlooked or misapprehended relevant facts in deciding the motion for summary judgment (*see* CPLR 2221 [d] [2]).

Upon reargument, the Supreme Court properly granted the County's prior motion, as the County established its prima facie entitlement to judgment as a matter of law. In support of its motion, the County demonstrated, prima facie, that the notice of claim served by the plaintiffs did not mention the theories that the subject accident was proximately caused by the lack of a guardrail, by a failure to remove or place "protection" around the tree that the injured plaintiff allegedly struck, or by a failure to maintain a "clear zone" on the side of the roadway (*see Tully v City of Glen Cove*, 102 AD3d 670, 671 [2013]; *O'Connor v Huntington U.F.S.D.*, 87 AD3d 571 [2011]; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700 [2010]). A party may not add a new theory of liability which was not included in the notice of claim (*see Ana R. v New York City Hous. Auth.*, 95 AD3d 981 [2012]; *O'Connor v Huntington U.F.S.D.*, 87 AD3d at 571; *Semprini v Village of Southampton*, 48 AD3d 543 [2008]). Nothing in the plaintiffs' notice of claim would have alerted the County to the need to investigate the issues of guardrails, clear zones, or unprotected trees on the side of the parkway (*see Monmasterio v New York City Hous. Auth.*, 39 AD3d 354 [2007]). In opposition to the County's prima facie showing, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) did not excuse them from stating with specificity the theory or theories on which they sought to hold the County liable in their notice of claim (*see Aguilar v Anthony*, 80 AD3d at 545; *Martone v Shields*, 71 AD3d 840 [2010]). In any event, the plaintiffs would not have been relieved of their obligation to provide some proof from which negligence could reasonably be inferred, and they failed to meet this burden (*see Santiago v Quattrociocchi*, 91 AD3d 747, 748 [2012]; *Aguilar v Anthony*, 80 AD3d at 546). Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.