■ JUSTIN CREW et al., Respondents-Appellants, v TOWN OF BEEKMAN, Appellant-Respondent, et al., Defendants. [962 NYS2d 677]—

In an action to recover damages for personal injuries, etc., the defendant Town of Beekman appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 26, 2011, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-appeal from so much of the same order as denied those branches of their cross motion which were for summary judgment on the issue of liability against the defendant Town of Beekman, both on the merits and on the ground of spoliation of evidence, to strike the answer of the defendant Town of Beekman on the ground of spoliation of evidence, or, in the alternative, to direct that an adverse inference charge be given at trial against the defendant Town of Beekman on the ground of spoliation of evidence.

Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the defendant Town of Beekman for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,

Ordered that order is affirmed insofar as cross-appealed from, and it is further,

Ordered that one bill of costs is awarded to the defendant Town of Beekman.

This appeal arises from a one-vehicle accident which occurred on May 15, 2007, on Hynes Road in the Town of Beekman. As a result of the accident, the infant plaintiffs, who were passengers in the vehicle, sustained injuries. On August 6, 2007, the infant plaintiffs, by their parents, and the parents, individually, served a notice of claim upon the Town which stated, inter alia, that they sought "damages for negligence arising out of the use, operation, ownership, maintenance, custody, and control of Hynes Road." Thereafter, the plaintiffs commenced this action against the Town and others. The Town moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, among other things, that it had no prior written notice of any alleged defect regarding Hynes Road, as required by the Town's Code as a condition precedent to an action against the Town. The Town also argued that while the "amended complaint appears to create a generalized allegation . . . of improper highway design," the notice of claim "gives no indication that any defect in the roadway was affirmatively created by the Town." In opposition, the plaintiffs argued, inter alia, that the Town had negligently designed and/or constructed the subject roadway. The plaintiffs also cross-moved for various relief, including summary judgment on the issue of liability against the Town, both on the merits and on the ground of spoilation of evidence, to strike the Town's answer on the ground of spoilation of evidence, or, in the alternative, to direct that an adverse inference charge be given against the Town at trial on the ground of spoilation of evidence. The Supreme Court denied the Town's motion, stating, in part, that "[t]he written notice law cannot serve as a basis to avoid liability for the improper construction of a municipal roadway"; the court also denied the plaintiffs' cross motion. The Town appeals, and the plaintiffs cross-appeal.

A notice of claim which, inter alia, sufficiently identifies the claimant, states the nature of the claim and describes the time when, the place where, and the manner in which the claim arose, is a condition precedent to asserting a tort claim against a municipality (see General Municipal Law § 50-e [1] [a]; *Brown v City of New York*, 95 NY2d 389, 393 [2000]; *Rist v Town of Cortlandt*, 56 AD3d 451 [2008]; *Santoro v Town of Smithtown*, 40 AD3d 736 [2007]). While a claimant need not state "a precise cause of action in haec verba in a notice of claim" (*DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [1992]), "a party may not add a new theory of liability which was not included in the no-

tice of claim" (*Semprini v Village of Southampton*, 48 AD3d 543, 544 [2008]; *see Ana R. v New York City Hous. Auth.*, 95 AD3d 981 [2012]; *O'Connor v Huntington U.F.S.D*, 87 AD3d 571 [2011]; *Mazzilli v City of New York*, 154 AD2d 355, 357 [1989]).

Here, the Town established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting proof that the notice of claim made no allegations that the Town defectively designed or negligently constructed the roadway where the accident occurred (*see Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239 [2004]; *Hugelmaier v Town of Sweden*, 130 AD2d 962 [1987]; *see also Ana R. v New York City Hous. Auth.*, 95 AD3d 981 [2012]; *O'Connor v Huntington U.F.S.D*, 87 AD3d 571 [2011]; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700 [2010]). In opposition to this showing, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In addition, to the extent that the notice of claim alleged the existence of a dangerous condition that was not created by the Town, the Town nevertheless established that it had no prior written notice of any alleged defect in the roadway, as is required by the Town Code (*see* Code of Town of Beekman § 109-1). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Regan v Town of N. Hempstead*, 66 AD3d 863 [2009]). Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiffs' remaining contentions either are without merit or have been rendered academic. Skelos, J.P., Leventhal, Hall and Sgroi, JJ., concur.