[994 NYS2d 798]

ROBERT J. CASTRO, Plaintiff, v CITY OF NEW YORK, Defendant.

Supreme Court, Bronx County, August 20, 2014

APPEARANCES OF COUNSEL

*Zachary W. Carter*, Corporation Counsel, for defendant.
*Serrins and Associates* for plaintiff.

## OPINION OF THE COURT

MITCHELL J. DANZIGER, J.

In this action for wrongful termination pursuant to Civil Service Law § 75-b, defendant moves seeking an order pursuant to CPLR 3211 (a) (7) dismissing this action on grounds that the complaint fails to state a cause of action. Specifically, defendant asserts that the cause of action pursuant to Civil Service Law § 75-b was never alleged in plaintiff's notice of claim and as such it is barred. In addition, defendant asserts that this cause of action is also barred insofar as plaintiff, in amending his complaint, withdrew his cause of action pursuant to Labor Law § 740. Lastly, defendant asserts that the complaint fails to sufficiently plead a cause of action pursuant to Civil Service Law § 75-b insofar as plaintiff fails to plead that he notified anyone other than those within the agency that employed him about the improper governmental activity alleged. Plaintiff opposes

the instant motion asserting that the notice of claim was sufficient to provide defendant with the essential facts underlying his claim pursuant to Civil Service Law § 75-b, thus, warranting denial of defendant's motion. Moreover, plaintiff avers that the withdrawal of his prior cause of action pursuant to Labor Law § 740 does not preclude this action because Labor Law § 740 and the instant cause of action are sufficiently intertwined. Lastly, plaintiff asserts that in pleading that he reported defendant's alleged improper governmental action to his supervisor and others, he sufficiently pleads a cause of action under Civil Service Law § 75-b.

For the reasons that follow hereinafter, defendant's motion is hereby granted.

The instant action is for alleged wrongful termination in violation of Civil Service Law § 75-b. Plaintiff's amended complaint alleges that between September 6, 2011 and August 22, 2012, plaintiff, a public employee, was employed as a fire safety manager/director by the New York City Department of Homeless Services (DHS), a public employer. Part of DHS's mission is to provide temporary housing for qualifying individuals and plaintiff's duties entailed inspecting such housing for issues related to fire safety. In inspecting several locations to which plaintiff was assigned he noted several violations of the New York City Fire Code (Administrative Code of City of NY, tit 29, ch 1, § 29-101 et seq.). For example, on September 26, 2011 plaintiff noted that a homeless shelter did not have a fire safety director on the premises as required by section 401.6.2.2 of the New York City Fire Code (Administrative Code, tit 29, ch 1). Upon conveying this information to his supervisor, Peter Dempsey, plaintiff was told "not to use his brain, and to keep his mouth shut." Plaintiff was also told to withhold any findings from anyone other than Dempsey and Georgina Rios, another supervisor. Plaintiff continued to find violations of the New York City Fire Code at other locations, reporting them to Dempsey, and reporting at least one instance to Jim Russo, Assistant Commissioner with DHS. Plaintiff alleges that he was disregarded, berated by Dempsey, told to alter his reports and was ultimately terminated. Plaintiff alleges that defendant violated Civil Service Law § 75-b inasmuch as he disclosed violations of law, rule or regulation which he believed constituted improper governmental action and he was subjected to adverse employment action as a result.

With the exception of premising his action upon a violation of Labor Law § 740 rather than Civil Service Law § 75-b, plaintiff's initial complaint is identical to his amended complaint.

■ Defendant's motion seeking an order dismissing this action on grounds that the cause of action pursuant to Civil Service Law § 75-b was not included in plaintiff's notice of claim is hereby granted.

Pursuant to General Municipal Law § 50-e, the timely filing of a notice of claim is a statutory precondition to the initiation of personal injury suits against a municipality. General Municipal Law § 50-e (1) (a) reads

> "In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises; except that in wrongful death actions, the ninety days shall run from the appointment of a representative of the decedent's estate."

Thus, a party has 90 days from the date the claim arises to file a notice of claim and when a notice of claim is served beyond the required 90-day period, without leave of court, it is deemed a nullity (*Wollins v New York City Bd. of Educ.*, 8 AD3d 30, 31 [1st Dept 2004]; *De La Cruz v City of New York*, 221 AD2d 168, 169 [1st Dept 1995]).

General Municipal Law § 50-e (2) requires that a notice of claim

> "be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose."

It is, thus, well settled that a notice of claim is only adequate and compliant with General Municipal Law § 50-e (2) when it contains "information sufficient to enable the city to investigate the claim" (*O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981] [Court granted defendant's motion to dismiss plaintiff's cause of action for trespass when the notice of claim served upon the defendant failed to mention "any trespassory acts"]; *Adkins v*

*City of New York*, 43 NY2d 346, 350 [1977]; *Canelos v City of New York*, 37 AD3d 637, 637-638 [2d Dept 2007] ["The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the municipal agency to investigate the allegations contained in the notice of claim"]; *Leone v City of Utica*, 66 AD2d 463, 468 [4th Dept 1979], *affd* 49 NY2d 811 [1980]). General Municipal Law § 50-e (2), however, does not require that the information within a notice of claim be asserted "with literal nicety or exactness" (*Brown v City of New York*, 95 NY2d 389, 393 [2000]), and again, the test is "whether [the notice of claim] includes information sufficient to enable the city to investigate" (*id.*).

Notwithstanding the foregoing, it is equally well settled that theories of liability not listed within a notice of claim can neither be asserted nor prosecuted (*Davis v New York City Tr. Auth.*, 117 AD3d 586, 586 [1st Dept 2014]; *Williams v County of Westchester*, 103 AD3d 796, 797 [2d Dept 2013]; *Rodriguez v Board of Educ. of City of N.Y.*, 107 AD3d 651, 651 [1st Dept 2013]; *Ana R. v New York City Hous. Auth.*, 95 AD3d 981, 981 [2d Dept 2012]; *O'Connor v Huntington U.F.S.D.*, 87 AD3d 571, 571 [2d Dept 2011]; *Semprini v Village of Southampton*, 48 AD3d 543, 544 [2d Dept 2008]; *Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411 [1st Dept 2004]; *Barksdale v New York City Tr. Auth.*, 294 AD2d 210, 211 [1st Dept 2002]; *White v New York City Hous. Auth.*, 288 AD2d 150, 150 [1st Dept 2001]). This is because, while the statute does "require that a claimant state a precise cause of action in haec verba" (*O'Connor* at 571 [internal quotation marks omitted]), a party cannot prosecute claims not asserted within a timely served notice of claim (*id.* at 571; *Davis* at 587 ["The trial court correctly set aside the jury's verdict because the evidence presented at trial substantially altered the theory of liability set forth in the notice of claim"]; *Williams* at 797 [defendant's motion for summary judgment granted when the notice of claim served by the plaintiffs did not mention the theories advanced by plaintiff, namely, that the subject accident was proximately caused by the lack of a guardrail, by a failure to remove or place protection around the tree that the injured plaintiff allegedly struck, or by a failure to maintain a clear zone on the side of the roadway]). This, of course, makes sense insofar as a municipal defendant can only investigate the claims asserted in a notice of claim and is, therefore, prejudiced when a plaintiff asserts a cause of action at variance with those claims.

A cause of action pursuant to Civil Service Law § 75-b must be asserted in a notice of claim, and the failure to so allege the same requires dismissal of any such claim (*Thomas v City of Oneonta*, 90 AD3d 1135, 1135 [3d Dept 2011]; *Donas v City of New York*, 62 AD3d 504, 505 [1st Dept 2009]).

Here, plaintiff's notice of claim is bereft of any allegation that his claims were premised on Civil Service Law § 75-b. Instead, plaintiff generally asserts that the nature of his claim is "improper termination, fraud, false certification, conspiracy, fraudulent inducement, [and] coercion to submit false claims." As noted above, while there is certainly no requirement that the claims in a notice of claim be set forth "with literal nicety or exactness" (*Brown* at 393)—in other words the statute does "require that a claimant state a precise cause of action in haec verba" (*O'Connor* at 571 [internal quotation marks omitted])—the municipal defendant must nevertheless be provided with "information sufficient to enable the city to investigate" (*Brown* at 393). This is particularly true with respect to a plaintiff's theory of liability and, therefore, theories not listed within a notice of claim can neither be asserted nor prosecuted (*Davis* at 586; *Williams* at 797; *Rodriguez* at 651; *Ana R.* at 981; *O'Connor* at 571; *Semprini* at 544; *Mahase* at 411; *Barksdale* at 211; *White* at 150).

Contrary to plaintiff's assertion, his notice of claim is deficient for a myriad of reasons. First, since it is well settled that in an action against a municipality pursuant to Civil Service Law § 75-b, such claim must be asserted within the notice of claim (*Thomas* at 1135; *Donas* at 505), plaintiff's failure to apprise defendant that his cause of action was premised upon Civil Service Law § 75-b is fatal. Second, plaintiff's failure to specify the precise statute upon which he premised his cause of action was fatal since specificity in this case was essential to afford defendant the opportunity to properly and meaningfully investigate plaintiff's claim inasmuch as a cause of action for improper termination can be premised on a myriad of state and federal statutes and the common law, each requiring different inquiries during any investigation, e.g., Labor Law § 740, racial discrimination, and gender discrimination. Thus, a generic assertion that plaintiff was improperly terminated was patently insufficient to allow defendant to properly investigate his claim. This is true despite the fact that within his notice of claim plaintiff asserts that the basis for his alleged termination was his refusal "to make false certifications, participate on ongoing fraud, and

engage in an already existing conspiracy and corrupt practices." The foregoing allegations simply reiterate that plaintiff was improperly terminated and why. In and of themselves, however, the allegations fail to sufficiently apprise defendant that plaintiff was asserting a claim pursuant to Civil Service Law § 75-b so as to allow defendant to properly investigate the claim. Lastly, here, the procedural history makes it manifestly clear that plaintiff's failure to apprise defendant of the precise nature of his claim within his notice of claim was prejudicial insofar as the allegations therein were susceptible to multiple interpretations and give rise to a legion of causes of action. Specifically, using the allegations contained therein plaintiff has premised this action on two separate statutes. To be sure, within his first complaint, plaintiff, upon identical facts, asserted a claim pursuant to Labor Law § 740 instead of the instant claim pursuant to Civil Service Law § 75-b. Evidently, then, the allegations in the notice of claim were such that defendant could not properly investigate plaintiff's claim, which on those facts could have and did precipitate different causes of action. Accordingly, defendant's motion to dismiss is granted for this reason alone.

 Additionally, however, defendant's motion is also granted insofar as plaintiff, in electing to initially commence this action pursuant to Labor Law § 740, has waived his right to pursue his instant claim pursuant to Civil Service Law § 75-b.

Labor Law § 740 (7) states that

> "[n]othing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any other law or regulation or under any collective bargaining agreement or employment contract; *except that the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law*" (emphasis added).

Thus, it is well settled that once an action pursuant to Labor Law § 740 is initiated, a plaintiff waives his right to prosecute an action for the same transaction or occurrence against his employer (*Maccagno v Prior*, 78 AD3d 549, 549 [2010] ["In dismissing the complaint in its entirety, the court held that plaintiff inadequately pleaded a cause of action under the Whistleblower Law, but in doing so, elected a remedy that effectively waived any other rights and remedies it had"]; *Bones v*

*Prudential Fin., Inc.*, 54 AD3d 589, 589 [2008]; *Reddington v Staten Is. Univ. Hosp.*, 11 NY3d 80, 87 [2008]). This is true even if the action is dismissed (*Maccagno* at 549), or if plaintiff withdraws his cause of action pursuant to Labor Law § 740 by amending his complaint (*Bones* at 589; *Reddington* at 87-88).

The Court of Appeals has carved an exception to the express waiver provision in Labor Law § 740 in cases where a plaintiff initially sues under Labor Law § 740 and subsequently seeks to sue under Labor Law § 741 (*Reddington* at 87-88). In *Reddington*, plaintiff, an employee of defendant hospital, sued pursuant to Labor Law § 740 asserting that she was wrongfully terminated for, inter alia, reporting defendant's maltreatment of certain patients (*id.* at 82-84). Plaintiff initially sued pursuant to, inter alia, Labor Law § 740, but thereafter, amended her complaint, withdrawing her claim pursuant to Labor Law § 740 and asserting a claim, inter alia, pursuant to Labor Law § 741 (*id.* at 86). The Federal District Court dismissed plaintiff's amended complaint asserting, inter alia, that in initially suing under Labor Law § 740, plaintiff waived the right to prosecute any other claims stemming from her alleged wrongful termination (*id.* at 86). On appeal the Second Circuit Court certified questions to the Court of Appeals, including whether plaintiff's amendment of her complaint to withdraw her claim under Labor Law § 740 barred her subsequent claim pursuant to Labor Law § 741 (*id.* at 87). The Court of Appeals, reiterating that the election to pursue a claim under Labor Law § 740 results in the waiver of any other causes of action for the same transaction or occurrence, nevertheless held that plaintiff's withdrawal of her claim under Labor Law § 740 did not bar her claim pursuant to Labor Law § 741 (*id.* at 87-88). In so holding, the Court stated that its conclusion flowed "from the uniquely interconnected elements of sections 740 and 741; specifically, every section 741 claim expressly relies on and incorporates section 740 for purposes of enforcement" (*id.* at 88). Specifically, the Court held that Labor Law § 741 does not create a private right of action and by its express terms can only be enforced via Labor Law § 740 (*id.* at 89 ["Thus, rather than creating its own private right of action, Labor Law § 741 contemplates enforcement through a Labor Law § 740 (4) civil suit. This is critically important, as it completely changes the nature of the waiver inquiry in a case involving sections 740 and 741. That is, the plain language of section 741 (4) indicates that a claim under that provision necessarily involves section 740 (4) (d) and therefore

section 740, to that extent, remains in the case, eliminating any notion of waiver"]).

Here, plaintiff's decision to amend his complaint, withdrawing his claim pursuant to Labor Law § 740 and asserting a claim pursuant to Civil Service Law § 75-b instead, bars the instant action (*Bones* at 589). Contrary to plaintiff's assertion, the exception carved out by *Reddington* is inapplicable. First, a careful reading of *Reddington* makes it clear that the Court's holding is confined to its facts—namely, whether the withdrawal of a claim pursuant to Labor Law § 740 constitutes a waiver of a subsequent action pursuant to Labor Law § 741. Moreover, even applying the rationale which undergirds *Reddington*—that waiver upon election to pursue a claim under Labor Law § 740 is inapplicable when the subsequent action is premised on a statute which does not create a private right of action and which by its express terms can only be enforced via Labor Law § 740— it is clear that it does not apply when, as here, the subsequent cause of action is pursuant to Civil Service Law § 75-b. Unlike Labor Law § 741, Civil Service Law § 75-b creates an express right of action, conferring the right to an aggrieved employee to bring an action in court. Specifically, Civil Service Law § 75-b (3) (c), states that "[w]here an employee is not subject to any of the provisions of paragraph (a) or (b) of this subdivision, *the employee may commence an action in a court of competent jurisdiction* under the same terms and conditions as set forth in article twenty-C of the labor law" (emphasis added).

This is markedly different than Labor Law § 741, which expressly states that enforcement of any violation thereunder is to be sought pursuant to Labor Law § 740 (4) (d) (*see* Labor Law § 741 [4] ["A health care employee may seek enforcement of this section pursuant to paragraph (d) of subdivision four of section seven hundred forty of this article"]). While Civil Service Law § 75-b (3) (c) also incorporates the Labor Law by reference it does so *in addition to* creating an independent private right of action. Thus, by withdrawing his claim pursuant to Labor Law § 740, plaintiff is now barred from prosecuting his cause of action pursuant to Civil Service Law § 75-b, the sole statute upon which this action is premised. Defendant's motion for dismissal is granted for this additional reason. It is hereby ordered that the complaint be dismissed with prejudice. It is further ordered that defendant serve a copy of this decision and order with notice of entry upon plaintiff within 30 days hereof.