■ Joan Steins, Appellant, v Incorporated Village of Garden City, Respondent. [7 NYS3d 419]——

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), entered March 26, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 11, 2011, the plaintiff allegedly slipped and fell on a patch of ice in a parking lot, adjacent to the Long Island Rail Road, that was owned and operated by the defendant, Incorporated Village of Garden City. In her notice of claim, the plaintiff stated that the nature of the claim was a "[s]lip and fall on ice." The complaint alleged that the defendant created the ice patch upon which the plaintiff fell.

The defendant moved for summary judgment dismissing the complaint, arguing that there was no evidence that it created or exacerbated, through an affirmative act of negligence, the alleged icy condition that caused the plaintiff to fall. In the alternative, the defendant argued that the notice of claim was defective because it did not state a theory of liability. The Supreme Court expressly rejected the defendant's contention that the notice of claim was defective, but granted the defendant's motion, concluding that the plaintiff failed to raise a triable issue of fact in opposition to the defendant's showing that it did not create or exacerbate an allegedly dangerous icy condition through affirmative acts of negligence. We affirm, albeit on the ground that the notice of claim was deficient, inasmuch as it did not provide the defendant with notice of the legal theory of the claim.

Contrary to the Supreme Court's conclusion, the defendant did not establish, prima facie, that it did not create or exacerbate, through an affirmative act of negligence, the alleged icy condition that caused the plaintiff to fall. "[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]; *see Braver v Village of Cedarhurst*, 94 AD3d 933 [2012]). Here, since the complaint alleged that the defendant created the ice patch upon which the plaintiff fell, the defendant was obligated to show that it did not create the ice patch. The defendant failed to demonstrate that its alleged failure to spread a salt and sand mixture on the ground after it plowed the parking lot in the early morning hours preceding the plaintiff's accident did not affirmatively cause the icy condition that resulted in the plaintiff's accident.

However, we find persuasive the defendant's alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]).

A notice of claim which, inter alia, sufficiently identifies the claimant, states the nature of the claim, and describes the time when, the place where, and the manner in which the claim arose, is a condition precedent to asserting a tort claim against a municipality (*see* General Municipal Law § 50-e [1] [a]; *Brown v City of New York*, 95 NY2d 389, 393 [2000]; *Rist v Town of Cortlandt*, 56 AD3d 451 [2008]; *Santoro v Town of Smithtown*, 40 AD3d 736 [2007]). While a claimant need not state "a precise cause of action in haec verba in a notice of claim" (*DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [1992]), the notice of claim must at least adequately apprise the defendant that the claimant would seek to impose liability under a cognizable theory of recovery (*see Browne v City of New York*, 67 AD3d 620, 620 [2009]). Moreover "a party may not add a new theory of liability which was not included in the notice of claim" (*Semprini v Village of Southampton*, 48 AD3d 543, 544 [2008]; *see Ana R. v New York City Hous. Auth.*, 95 AD3d 981 [2012]; *O'Connor v Huntington U.F.S.D.*, 87 AD3d 571 [2011]; *Mazzilli v City of New York*, 154 AD2d 355, 357 [1989]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting proof that the notice of claim made no allegations that the ice patch on which the plaintiff slipped and fell was created by its snow removal operation, or existed by virtue of its negligence (*see Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239 [2004]; *Hugelmaier v Town of Sweden*, 130 AD2d 962 [1987]; *see also Ana R. v New York City Hous. Auth.*, 95 AD3d 981 [2012]; *O'Connor v Huntington U.F.S.D.*, 87 AD3d 571 [2011]; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Hall, Cohen and Maltese, JJ., concur.