Burton v Village of Greenport (2018 NY Slip Op 04691)





Burton v Village of Greenport


2018 NY Slip Op 04691


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-00675
 (Index No. 26769/09)

[*1]Sigrid Burton, et al., appellants, 
v
Village of Greenport, respondent.


Bracken Margolin Besunder LLP, Islandia, NY (Patricia M. Meisenheimer of counsel), for appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated December 6, 2015. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for leave to amend the notice of claim.
ORDERED that the order is affirmed, with costs.
On January 20, 2009, the plaintiff Sigrid Burton allegedly was injured when she slipped and fell on a patch of ice as she attempted to walk around a carousel located within Mitchell Park in the defendant Village of Greenport. By notice of claim dated February 19, 2009, Burton asserted a claim against the Village to recover damages for physical injuries she sustained when she "was caused to trip and fall on ice on the walkway adjacent to the Carousel which constituted a hazardous condition and a trap and snare."
Thereafter, by summons and complaint filed on July 16, 2009, Burton, and her husband suing derivatively, commenced this action to recover damages from the Village. The plaintiffs alleged, inter alia, that the Village created the icy condition upon which Burton fell. In their bill of particulars dated October 13, 2009, the plaintiffs alleged, among other things, that the Village "created a dangerous condition by undertaking to remove snow and ice and failing to . . . remove the ice or apply any sand or salt to remove existing ice."
Upon the completion of discovery, the Village moved for summary judgment dismissing the complaint. In support of its motion, the Village submitted the affidavit of the Village [*2]Clerk, who stated that the Village did not receive prior written notice of the alleged icy condition. While the Village made no attempt to refute the allegations that the Village created the alleged icy condition (see generally Braver v Village of Cedarhurst, 94 AD3d 933, 934), the Village contended that such allegations went beyond the scope of the allegations made in the notice of claim (see Steins v Incorporated Vil. of Garden City, 127 AD3d 957).
The plaintiffs opposed the Village's motion and cross-moved for leave to amend the notice of claim to include details as to how the Village created the icy condition. In their proposed amended notice of claim, the plaintiffs alleged, inter alia, that the Village was negligent in "creating a hazardous condition on the sidewalk adjacent to the east side of the Carousel in Mitchell Park by improper plowing of snow by piling snow on the sides of the sidewalk which piles of snow melted as temperatures rose above freezing resulting in puddles of water which refroze as the temperature dropped below freezing producing ice accumulation which was not properly treated with salt, sand or ice melt." The Supreme Court granted the Village's motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
The Village established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no prior written notice of the alleged icy condition complained of by the plaintiffs, as required by Village Law § 6-628 (see Oliveri v Village of Greenport, 93 AD3d 773; Shannon v Village of Rockville Ctr., 39 AD3d 528, 529). The Village also established that the notice of claim failed to allege that the icy condition on which Burton slipped and fell was created by the Village's snow removal operations, or existed by virtue of the Village's negligence (see Steins v Incorporated Vil. of Garden City, 127 AD3d at 959). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
Contrary to the plaintiffs' contention, their proposed amendment to the notice of claim was not to correct a technical mistake, defect, or omission within the meaning of General Municipal Law § 50-(e)(6) (see Ahmed v New York City Hous. Auth., 119 AD3d 494, 495), but rather to assert a new theory of affirmative negligence several years after the expiration of the applicable limitations period (see Aleksandrova v City of New York, 151 AD3d 427, 428).
Accordingly, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for leave to amend the notice of claim.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court