Faith v Town of Goshen (2018 NY Slip Op 08917)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Faith v Town of Goshen

2018 NY Slip Op 08917

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-02661
(Index No. 9735/12)

[*1]Shelia Faith, et al., appellants, 
vTown of Goshen, respondents, et al., defendants.

Sussman and Watkins, Goshen, NY (Michael H. Sussman and Jonathan R. Goldman of counsel), for appellants.
Langdon C. Chapman, County Attorney, Goshen, NY (Joseph F. Mahoney of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated January 15, 2016. The order granted the motion of the defendant County of Orange for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiffs each own real property that abuts or is proximate to the Wallkill River. Adjacent to the Wallkill River is the Orange County Landfill (hereinafter the Landfill), which is owned, operated, and maintained by the defendant County of Orange. In August 2011, the Wallkill River flooded, resulting in damage to the plaintiffs' properties. Thereafter, the plaintiffs commenced this action against, among others, the County, alleging, inter alia, that the County failed "to maintain and ensure the structural . . . stability and integrity of the Landfill." The plaintiffs alleged that as a result of this negligent maintenance, the Landfill pushed earth into the river, creating a "pinch point" that has obstructed the waterway. The County moved for summary judgment dismissing the complaint insofar as asserted against it. By order dated January 15, 2016, the Supreme Court granted the motion. The plaintiffs appeal.
We agree with the Supreme Court's determination that the plaintiffs were precluded from asserting a cause of action against the County for negligent maintenance of the Wallkill River, as that cause of action was not properly noticed in the notice of claim (see General Municipal Law § 50-e; Ana R. v New York City Hous. Auth., 95 AD3d 981; Semprini v Village of Southhampton, 48 AD3d 543, 544).
The plaintiffs' cause of action alleging negligent maintenance of the Landfill was abandoned by the plaintiffs in their opposition to the County's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court