Rojas v Hazzard (2019 NY Slip Op 02573)





Rojas v Hazzard


2019 NY Slip Op 02573


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-09771
 (Index No. 9072/13)

[*1]Sabrina Rojas, appellant, 
v
William Hazzard II, et al., respondents, et al., defendant.


Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Brianna Walsh, and Jillian Rosen], of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 14, 2017. The order granted the motion of the defendants William Hazzard II and New York City Transit Authority for summary judgment dismissing the first cause of action insofar as asserted against them and denied the plaintiff's cross motion for leave to serve a second amended notice of claim.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff allegedly sustained injuries on September 2, 2012, as a result of a trip and fall accident on what was variously described as a street, curb, or sidewalk near a bus stop on Dekalb Avenue in Brooklyn. In her notice of claim addressed to the defendants City of New York and New York City Transit Authority, dated November 29, 2012, and again in her amended notice of claim, dated June 5, 2014, the plaintiff alleged, in relevant part, that the accident was caused by "the carelessness, recklessness and negligence of . . . New York City Transit Authority in the ownership, operation, maintenance, repair, construction, renovation, supervision and control of the aforesaid location."
The plaintiff thereafter commenced this action against the City of New York, the New York City Transit Authority, and William Hazzard II, the operator of a bus from which the plaintiff had alighted just before the accident occurred. Upon completion of discovery, Hazzard and New York City Transit Authority (hereinafter together the NYCT defendants) moved for summary judgment dismissing the first cause of action, in which the plaintiff alleged that Hazzard was negligent in allowing the plaintiff to alight from the bus in an unsafe area, insofar as asserted against them on the ground that the theory of liability asserted therein was not contained in the plaintiff's amended notice of claim. The plaintiff opposed the motion and cross-moved pursuant to General Municipal Law § 50-e(6) for leave to serve a second amended notice of claim. The Supreme Court granted the NYCT defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.
"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster [*2]v Herbert Slepoy Corp., 76 AD3d 210, 214; see Wise v Filincieri, 163 AD3d 609). However, where, as here, the moving defendants are persons or entities against whom an action may not be commenced absent the filing of a notice of claim, the plaintiff " may not raise in the complaint causes of action or legal theories that were not directly or indirectly mentioned in the notice of claim and that change the nature of the earlier claim or assert a new one'" (Gonzalez v Povoski, 149 AD3d 1472, 1474, quoting Moore v County of Rockland, 192 AD2d 1021, 1023).
Here, the NYCT defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action insofar as asserted against them by submitting proof that the amended notice of claim contained no allegation that the bus operator was negligent in failing to provide the plaintiff with a safe place to alight (see Crew v Town of Beekman, 105 AD3d 799, 801; O'Connor v Huntington U.F.S.D, 87 AD3d 571, 571). In opposition to this showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320). Accordingly, we agree with the Supreme Court's grant of the NYCT defendants' motion for summary judgment dismissing the first cause of action insofar as asserted against them.
We also agree with the Supreme Court's denial of the plaintiff's cross motion for leave to serve a second amended notice of claim, since amendments that create new theories of liability or substantively change the nature of the claim do not fall within the purview of General Municipal Law § 50-e(6) (see Priant v New York City Tr. Auth., 126 AD3d 774, 774-775; see also Matter of Corwin v City of New York, 141 AD3d 484, 488-489).
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court