Rubenstein v City of New York (2019 NY Slip Op 07633)





Rubenstein v City of New York


2019 NY Slip Op 07633


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-13161
 (Index No. 14482/15)

[*1]Beth Rubenstein, appellant,
v
City of New York, respondent.


Jonah Grossman (Lawrence B. Lame, Rego Park, NY, of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Fay Ng and D. Alan Rosinus, Jr., of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered September 10, 2018. The order granted the defendant's motion, in effect, for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 6, 2015, the plaintiff allegedly slipped and fell on ice on a pedestrian ramp leading from the sidewalk into a roadway in Forest Hills. In her notice of claim dated April 1, 2015, the plaintiff alleged that she "slipped and fell as a result of an ice condition," and that "the ice was covered by freshly fallen thin layer of snow." At a hearing held pursuant to General Municipal Law § 50-h, the plaintiff testified that it had been snowing lightly for approximately an hour before the accident, and that there was a "dusting" of snow on the ramp at the time of her fall.
The plaintiff thereafter commenced this personal injury action against the defendant, City of New York. The complaint alleged that the icy condition on which the plaintiff fell was caused by "a backup of water from the closest sewer which flooded the pedestrian ramp," that the "sewer backup . . . was known to occur with regularity," and that the City was negligent in failing to repair the allegedly defective condition. The City subsequently moved, in effect, for summary judgment dismissing the complaint on the ground that the complaint alleged a different theory of liability than the notice of claim and, thus, did not comply with General Municipal Law § 50-e. The Supreme Court granted the motion, and the plaintiff appeals.
"A notice of claim which, inter alia, sufficiently identifies the claimant, states the nature of the claim and describes the time when, the place where, and the manner in which the claim arose, is a condition precedent to asserting a tort claim against a municipality" (Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 959; see General Municipal Law § 50-e[1][a]; Brown v City of New York, 95 NY2d 389, 392-393; O'Brien v City of Syracuse, 54 NY2d 353, 358). Although "the statute does not require those things to be stated with literal nicety or exactness'" (Brown v City of New York, 95 NY2d at 393, quoting Purdy v City of New York, 193 NY 521, 523), a notice of claim must provide " information sufficient to enable the city to investigate'" (Brown v City of New York, 95 NY2d at 393, quoting O'Brien v City of Syracuse, 54 NY2d at 358) and "must at least adequately [*2]apprise the defendant that the claimant would seek to impose liability under a cognizable theory of recovery" (Steins v Incorporated Vil. of Garden City, 127 AD3d at 959). A plaintiff may not later add a new theory of liability that was not included in the notice of claim (see id.; Ana R. v New York City Hous. Auth., 95 AD3d 981, 982; Semprini v Village of Southampton, 48 AD3d 543, 544).
Here, the City established its prima facie entitlement to summary judgment dismissing the complaint by submitting evidence that the notice of claim contained no allegation that the City caused or created the icy condition where the accident occurred by negligently maintaining a nearby sewer and failing to repair an alleged "recurring flooding condition from the sewer backup" (see O'Brien v City of Syracuse, 54 NY2d at 358; Steins v Incorporated Vil. of Garden City, 127 AD3d at 959; Tully v City of Glen Cove, 102 AD3d 670, 671; Ana R. v New York City Hous. Auth., 95 AD3d at 982; Semprini v Village of Southampton, 48 AD3d at 544; cf. Puello v New York City Hous. Auth., 150 AD3d 1164). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the City's motion, in effect, for summary judgment dismissing the complaint.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court