Scully v Town of Mamaroneck (2020 NY Slip Op 04503)





Scully v Town of Mamaroneck


2020 NY Slip Op 04503


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-07119
 (Index No. 51106/15)

[*1]Janet Vagt Scully, appellant,
v
Town of Mamaroneck, et al., respondents.


Janet Vagt Scully, Larchmont, NY, appellant pro se.
Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY (Maurizio Savoiardo of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated June 2, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff claims that her right to equal protection was violated because she was denied an on-street parking permit for Lester Place in the Town of Mamaroneck. The denial was on the ground that she is not a resident of Lester Place. The defendants established their prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact in opposition.
We agree with the Supreme Court's determination directing dismissal of the plaintiff's cause of action for recovery under 42 USC § 1983 on equal protection grounds. Recovery under 42 USC § 1983 is premised upon a showing that the defendant has denied the plaintiff a constitutional or federal statutory right, and that such denial was effected under color of state law (see Patterson v Coughlin, 761 F2d 886, 890 [2d Cir]; D'Ambrosio v Bast Hartfield, Inc., 2017 WL 6388889 *12, 2017 US Dist LEXIS 223126 * 33 [ND NY, 612-Civ-1895 (NAM/TWD)], affd 737 Fed Appx 44 [2d Cir]). Here, because the plaintiff is not a member of a suspect class and no fundamental right is implicated, the challenged action need only be rationally related to a legitimate governmental purpose (see Matter of McDermott v Forsythe, 188 AD2d 173; Soberal-Perez v Heckler, 717 F2d 36, 41 [2d Cir]; Vialez v New York City Housing Authority, 783 F Supp 109, 122 [SD NY]; Bertoldi v State of N.Y., 275 AD2d 227). Contrary to the plaintiff's contention, a local law limiting the issuance of on-street parking permits for Lester Place to residents of that street is rationally related to the legitimate governmental purpose of alleviating an on-street parking shortage on Lester Place.
Nor did the plaintiff establish that she is a "class of one" for purposes of an equal protection claim, as she failed to allege that she had been intentionally treated differently from others [*2]similarly situated and that there was no rational basis for the difference in treatment (see Village of Willowbrook v Olech, 528 US 562, 564).
The individual defendants are entitled to qualified immunity, as they are government officials performing discretionary functions, and their conduct did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known (see Harlow v Fitzgerald, 457 US 800, 818; DeFabio v East Hampton Union Free Sch. Dist., 623 F3d 71, 76 [2d Cir]).
We also agree with the Supreme Court's determination directing dismissal of the plaintiff's cause of action alleging retaliation in connection with the issuance of a parking ticket. While retaliation claims alleging an adverse employment action because of a complaint of discrimination are actionable under 42 USC § 1983 (see Vega v Hempstead Union Free School Dist., 801 F3d 72, 80 [2d Cir]), the plaintiff has no employment relationship with the defendants and the statute does not apply in this context.
The plaintiff's remaining contention, that the parking permit fee for residents of Washington Square constituted an unlawful tax, was not raised in a notice of claim, and she may not add that new theory of liability (see Crew v Town of Beekman, 105 AD3d 799; Ana R. v New York City Hous. Auth., 95 AD3d 981). In any event, this contention is without merit.
Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the complaint, and granting the defendants' cross motion for summary judgment dismissing the complaint.
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court