■ Vito DeLeonibus et al., Appellants, v Phyllis Scognamillo, Appellant, City of New York, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendant Phyllis Scognamillo appeals from so much of an amended interlocutory judgment of the Supreme Court, Richmond County (Amann, J.), entered May 1, 1990, as, *inter alia,* upon a jury verdict on the issue of liability, is in favor of the plaintiff Vito DeLeonibus and against her finding her 30% at fault in the happening of the accident and dismissed her cross claim against the defendant City of New York, and the plaintiffs separately appeal from so much of the same amended interlocutory judgment as dismissed the complaint insofar as it is asserted against the defendant City of New York.

Ordered that the amended interlocutory judgment is modified, on the law, by deleting the provision thereof which dismissed the complaint insofar as it is asserted against the defendant City of New York, and the provision thereof which dismissed the cross claim of the defendant Phyllis Scognamillo against the City of New York, and substituting therefor a provision reinstating the jury verdict finding the City of New York 55% at fault in the happening of the accident and sustaining the cross claim; as so modified, the amended interlocutory judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for entry of an appropriate further amended interlocutory judgment.

On June 12, 1985, the plaintiff Vito DeLeonibus was injured in an accident while performing his duties as a sanitation worker for the defendant City of New York (hereinafter the City). The plaintiffs filed a notice of claim in a timely manner with the City, alleging the City's negligence in causing the accident and providing certain details of its negligence. Thereafter, the plaintiffs commenced the instant action against the City and against the defendant Phyllis Scognamillo, the motorist who struck the plaintiff with her car.

After a jury trial on the issue of liability, the court set aside

the jury's verdict finding the City 55% at fault in the happening of the accident and dismissed the complaint insofar as it is asserted against the City, on the procedural basis that the notice of claim had not stated in exact language the plaintiffs' theory of recovery presented at trial, to wit, negligent supervision. We find that the court erred in this regard.

General Municipal Law § 50-e (2) sets forth the criteria for the contents of a notice of claim. In pertinent part, the statute requires that the claimant state the nature of the claim and the time when, the place where, and the manner in which it arose. The purpose of providing this information in a timely manner is so that the defendant can conduct a proper investigation and assess the merits of the claim while the information is still readily available *(see, O'Brien v City of Syracuse,* 54 NY2d 353, 359; *Altmayer v City of New York,* 149 AD2d 638, 639; *Caselli v City of New York,* 105 AD2d 251). We find that that opportunity was provided to the City here.

The courts have not interpreted the statute to require that a claimant state a precise cause of action in haec verba in a notice of claim *(see, Ismail v Cohen,* 706 F Supp 243, *affd* 899 F2d 183; *DeMaio v City of New York,* 144 AD2d 623; *Lampman v Cairo Cent. School Dist.,* 47 AD2d 794, 795). The Legislature did not intend that the claimant have the additional burden of pleading causes of action and legal theories, proper for the pleadings, in the notice of claim, which must be filed within 90 days of the occurrence. General Municipal Law § 50-e was not meant as a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones *(see, Schwartz v City of New York,* 250 NY 332).

We further find that, even if the complaint properly had been dismissed on procedural grounds, the court erred when it also dismissed the defendant Scognamillo's cross claim against the City for indemnification and/or contribution. The courts view such cross claims independently of a plaintiff's complaint against the City *(see, Matter of Valstrey Serv. Corp. v Board of Elections,* 2 NY2d 413, 416). Consequently, particularly where, as here, a court dismisses the complaint for procedural rather than substantive reasons, a codefendant's cross claim is still viable.

We have considered the City's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.