■ DIANA RIVERA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [630 NYS2d 939] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Jackson, J.), dated January 25, 1994, which, *inter alia,* denied its motion to dismiss the action on the ground that the notice of claim was legally insufficient.

Ordered that the order is affirmed insofar as appealed from, with costs.

General Municipal Law § 50-e (2) sets forth the criteria for the contents of a notice of claim. In pertinent part, the statute requires that the claimant state the nature of the claim and the time, place, and manner in which it arose. The purpose of providing this information in a timely manner is to allow the defendant to conduct a proper investigation and assess the merits of the claim while the information is still readily available *(see, O'Brien v City of Syracuse,* 54 NY2d 353, 359; *Altmayer v City of New York,* 149 AD2d 638, 639; *Caselli v City of New York,* 105 AD2d 251).

The notice of claim served in this case sufficiently complied with the statutory requirements. Therefore, the defendant's motion to dismiss was properly denied *(see, DeLeonibus v Scognamillo,* 183 AD2d 697). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.

■ ROY C. KNAPP & SONS, INC., Respondent, v MEDICAL DIAGNOSTIC MANAGEMENT, INC., et al., Defendants, and MEDICAL FUNDING OF AMERICA, INC., Appellant. (Action No. 1.) ROY C. KNAPP & SONS, INC., Plaintiff, v MORTON MACKOF, Defendant. (Action No. 2.) [630 NYS2d 939] —Appeal by the defendant Medical Funding of America in Action No. 1 from (1) an order of the Supreme Court, Dutchess County (Beisner, J.), dated January 13, 1994, and (2) a judgment of the same court entered February 14, 1994.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements, for reasons stated by Justice Beisner at the Supreme Court in the order dated January 13, 1994.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]). Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.