*773 In an action, inter alia, to recover damages pursuant to Navigation Law § 181, the defendant County of Orange appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated May 22, 2012, as denied that branch of its motion which was to dismiss the first cause of action insofar as asserted against it on the ground that the notices of claim served upon it by the plaintiffs were legally insufficient.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiffs are the owners of certain residential properties located near an Orange County Department of Public Works facility. The plaintiffs served timely notices of claim upon the defendant County of Orange, alleging, among other things, that the County was “[n]egligent, reckless and careless” in the filling, inspection, and maintenance of underground fuel storage tanks and other machinery used at the facility. The notices of claim alleged that, as a result of the foregoing, fuel spills, leakage, and seepage occurred, causing contamination of the soil and groundwater of the plaintiffs’ properties. According to the notices of claim, the plaintiffs’ water wells allegedly were contaminated by a gasoline additive, which caused property damage and personal injury. The notices of claim did not specifically recite that the County was subject to strict liability for a violation of Navigation Law § 181 arising from the spills, leakage, and seepage, although the first cause of action in the complaint alleged such a cause of action.
The County moved, inter alia, to dismiss the first cause of action insofar as asserted against it on the ground that the notices of claim failed expressly to allege a violation of Navigation Law § 181 and, thus, were legally insufficient to place it on notice that the plaintiffs intended to assert that cause of action. In denying that branch of the County’s motion, the Supreme Court determined that a notice of claim was not required to include information or allegations specific to a Navigation Law § 181 cause of action and that, in any event, the notices of claim served by the plaintiffs were sufficient to place the County on notice that the plaintiffs intended to assert such cause of action.
Contrary to the Supreme Court’s conclusion, the plaintiffs, as a condition precedent to the assertion of Navigation Law § 181 cause of action, were required to serve a notice of claim that included information and allegations specific to their Navigation Law § 181 cause of action. County Law § 52 requires a no *774 tice of claim to be served upon the County, and applies to any claim for “for invasion of personal or property rights, of every name and nature” and to “any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county” (County Law § 52). The assertion of a Navigation Law § 181 cause of action against the County, which could result in the County being held strictly liable for all cleanup costs and damages resulting from a discharge of petroleum, is subject to the broad notice-of-claim requirements of County Law § 52 (see Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164, 170-171 [2001]).
However, the Supreme Court correctly determined that the plaintiffs’ notices of claim were sufficient to apprise the County that they intended to pursue a cause of action premised upon a violation of Navigation Law § 181. The plaintiffs were not required to “state a precise cause of action in haec verba” in their notices of claim (DeLeonibus v Scognamillo, 183 AD2d 697, 698 [1992]). “The test of the sufficiency of a [n]otice of [c]laim is merely ‘whether it includes information sufficient to enable the [municipality] to investigate’ ” the claim (Brown v City of New York, 95 NY2d 389, 393 [2000], quoting O’Brien v City of Syracuse, 54 NY2d 353, 358 [1981]). Here, the plaintiffs’ notices of claim set forth conduct on the part of the County which allegedly caused the discharge of petroleum onto the plaintiffs’ properties, thereby resulting in damage to the properties. The notices of claim provided information sufficient to enable the County to investigate the alleged fuel spills, leakage, and seepage while information concerning the alleged fuel spills, leakage, and seepage was still readily available. As such, the notices of claim were sufficient to alert the County to the potential Navigation Law § 181 cause of action, and afforded the County ample opportunity to promptly investigate the alleged spills, leakage, and seepage underlying that cause of action. Accordingly, the Supreme Court properly denied that branch of the County’s motion which was to dismiss the first cause of action insofar as asserted against it. Dickerson, J.P., Chambers, Lott and Cohen, JJ., concur.