■ SE DAE YANG, Individually and as Administrator of the Estate of KUMJA YANG, Deceased, et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [35 NYS3d 350]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered July 16, 2015, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging wrongful death on the ground that the plaintiffs failed to serve an adequate notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the

cause of action alleging wrongful death on the ground that the plaintiffs failed to serve an adequate notice of claim pursuant to General Municipal Law § 50-e is denied.

A timely and sufficient notice of claim is a condition precedent to asserting a tort claim against a municipality or public benefit corporation (*see* General Municipal Law § 50-e [1] [a]; *Brown v City of New York*, 95 NY2d 389, 393 [2000]). With respect to most torts, service of the notice of claim must be made within 90 days after the claim arises, but "in wrongful death actions, the [90] days shall run from the appointment of a representative of the decedent's estate" (General Municipal Law § 50-e [1] [a]).

General Municipal Law § 50-e (2) sets forth the criteria for the contents of a notice of claim. In pertinent part, the statute requires that the claimant state the nature of the claim and the time when, the place where, and the manner in which it arose (*see* General Municipal Law § 50-e [2]). The purpose of providing this information in a timely manner is so that the defendant can conduct a proper investigation and assess the merits of the claim while the information is still readily available (*see O'Brien v City of Syracuse*, 54 NY2d 353, 359 [1981]; *Steins v Incorporated Vil. of Garden City*, 127 AD3d 957, 959 [2015]; *DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [1992]).

"The Legislature did not intend that the claimant have the additional burden of pleading causes of action and legal theories, proper for the pleadings, in the notice of claim . . . General Municipal Law § 50-e was not meant as a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones" (*DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [1992], citing *Schwartz v City of New York*, 250 NY 332, 333 [1929]; *see generally Baker v Town of Niskayuna*, 69 AD3d 1016, 1017-1018 [2010]). Accordingly, a claimant need not state "a precise cause of action in haec verba in a notice of claim" (*DeLeonibus v Scognamillo*, 183 AD2d at 698; *see Steins v Incorporated Vil. of Garden City*, 127 AD3d at 959; *Bartley v County of Orange*, 111 AD3d 772, 774 [2013]).

Contrary to the Supreme Court's determination, the plaintiffs' notice of claim adequately apprised the defendant that the claimant would seek to impose liability under a wrongful death theory of recovery (*cf. Steins v Incorporated Vil. of Garden City*, 127 AD3d at 959; *Crew v Town of Beekman*, 105 AD3d 799, 800 [2013]; *see generally Bartley v County of Orange*, 111 AD3d at 774; *Miller v City of New York*, 89 AD3d 612 [2011]; *Baker v Town of Niskayuna*, 69 AD3d at 1017-1018). Accordingly, the Supreme Court should have denied that branch of

the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging wrongful death on the ground that the plaintiffs failed to serve an adequate notice of claim pursuant to General Municipal Law § 50-e. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.