Matter of Sacha v City of New York Health & Hosps. Corp. (2020 NY Slip Op 04395)





Matter of Sacha v City of New York Health & Hosps. Corp.


2020 NY Slip Op 04395


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-12379
 (Index No. 3198/16)

[*1]In the Matter of Zofia Sacha, appellant,
v
City of New York Health and Hospitals Corporation, et al., respondents.


Moskowitz, Passman & Edelman, New York, NY (Thomas Torto of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Ashley R. Garman of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Marsha Steinhardt, J.), dated July 12, 2018. The order, insofar as appealed from, upon renewal, adhered to a prior determination made in an order of the same court (Michelle Weston, J.) dated February 27, 2017, denying the petition.
ORDERED that the order dated July 12, 2018, is affirmed insofar as appealed from, with costs.
On September 27, 2015, the petitioner was taken to the emergency room at Kings Highway Hospital, also known as Mount Sinai Hospital of Brooklyn, with complaints of a severe occipital headache, for which she was given a morphine injection and discharged with a diagnosis of a recurrent migraine headache. The next day, the petitioner's headache returned and she was taken by ambulance to the emergency room at Coney Island Hospital. After the Coney Island Hospital emergency room personnel evaluated the petitioner, she was discharged with prescriptions for certain medications and advised to follow up with her primary care physician, to whom she went upon discharge. The following day, September 29, 2015, the petitioner was taken by ambulance to the New York Community Hospital, which transferred her to New York-Presbyterian/Weil-Cornell Hospital, for emergency surgery to remove a blood clot in her brain which had caused a hemorrhagic stroke. The petitioner was hospitalized in intensive care until November 4, 2015, when she was transferred to Lutheran Augustana Rehabilitation Center for rehabilitation. The petitioner was released from Lutheran Augustana Rehabilitation Center on December 18, 2015.
By order to show cause dated May 11, 2016, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon New York City Health and Hospitals Corporation (hereinafter HHC) and the City of New York, alleging that she sustained injuries as the result of medical malpractice which occurred when she was treated at the emergency room at Coney Island Hospital. In an order dated [*2]February 27, 2017, the Supreme Court denied the petition. Thereafter, the petitioner moved for leave to renew her petition for leave to serve a late notice of claim upon HHC and the City. In an order dated July 12, 2018, the court granted the petitioner's motion and, upon renewal, adhered to the prior determination set forth in the order dated February 27, 2017. The petitioner appeals from so much of the order dated July 12, 2018, as, upon renewal, adhered to the prior determination denying the petition.
"In exercising discretion to grant leave to serve a late notice of claim, a court must consider whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after it accrued or within a reasonable time thereafter" (Matter of Smith v Westchester County Health Care Corp., 165 AD3d 1150, 1151; see General Municipal Law § 50-e[5]; Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 675). Other factors to be considered include whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim, and whether the delay substantially prejudiced the public corporation in its ability to maintain its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Smith v Westchester County Health Care Corp., 165 AD3d at 1151).
Here, the petitioner failed to establish that HHC and the City had actual knowledge of the essential facts constituting the claim within 90 days after it arose or a reasonable time thereafter by virtue of the hospital records related to the petitioner's September 28, 2015, emergency room visit (see General Municipal Law § 50-e[5]; Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d at 677; Matter of Jadusingh v New York City Health & Hosps. Corp., 168 AD3d 940, 941; Matter of Smith v Westchester County Health Care Corp., 165 AD3d at 1151). Moreover, the petitioner failed to demonstrate that HHC and the City would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Jadusingh v New York City Health & Hosps. Corp., 168 AD3d at 941-942).
Accordingly, we agree with the Supreme Court's determination, upon renewal, to adhere to the prior determination denying the petition.
The remaining contentions of HHC and the City need not be reached in light of our determination.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court