Harrison v City of New York (2021 NY Slip Op 04703)





Harrison v City of New York


2021 NY Slip Op 04703


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-01458
 (Index No. 514613/17)

[*1]Nikeya Harrison, respondent, 
v
City of New York, et al., defendants, New York City Health and Hospitals Corporation, et al., appellants.


Georgia M. Pestana, Corporation Counsel, New York, NY (Fay Ng and Barbara Graves-Poller of counsel), for appellants.
Zaremba Brown, PLLC, New York, NY (Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac, Jillian Rosen, and Christopher J. Soverow], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants New York City Health and Hospitals Corporation, Kings County Hospital, Tim Schwartz, Leon Boudourakis, and Valery Roudnitsky appeal from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated November 19, 2018. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to serve an adequate notice of claim in accordance with the requirements of General Municipal Law § 50-e.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was admitted to the defendant Kings County Hospital from May 2, 2016, to September 7, 2016, and underwent several surgical procedures that led to the amputation of her right leg below the knee. The plaintiff subsequently commenced this action to recover damages for medical malpractice. The defendants New York City Health and Hospitals Corporation, Kings County Hospital, Tim Schwartz, Leon Boudourakis, and Valery Roudnitsky (hereinafter collectively the defendants) moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to serve an adequate notice of claim in accordance with the requirements of General Municipal Law § 50-e. In an order dated November 19, 2018, the Supreme Court, inter alia, denied that branch of the defendants' motion. The defendants appeal.
"A timely and sufficient notice of claim is a condition precedent to asserting a tort claim against a municipality or public benefit corporation" (Matter of Johnson v County of Suffolk, 167 AD3d 742, 743 [internal quotation marks omitted]; see General Municipal Law § 50-e[1][a]). General Municipal Law § 50-e, in pertinent part, "requires that the claimant state the nature of the claim and the time when, the place where, and the manner in which it arose" (Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d 1051, 1052; see General Municipal Law § 50-e[2]). "The purpose of the statutory notice of claim requirement is to afford the public corporation an [*2]adequate opportunity to investigate the circumstances surrounding the [claim] and to explore the merits of the claim while information is still readily available" (Carroll v City of New York, 149 AD3d 1026, 1027 [internal quotation marks omitted]). Thus, the "requirements of the statute are met when the notice describes the [claim] with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim" (Conn v Tutor Perini Corp., 174 AD3d 680, 681 [internal quotation marks omitted]).
Moreover, "[t]he Legislature did not intend that the claimant have the additional burden of pleading causes of action and legal theories, proper for the pleadings, in the notice of claim. . . . General Municipal Law § 50-e was not meant as a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones" (Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d at 1052 [internal quotation marks omitted]). As such, "a claimant need not state a precise cause of action in haec verba in a notice of claim" (id. [internal quotation marks omitted]).
Here, the notice of claim alleges that the defendants were negligent over the course of the plaintiff's admission at Kings County Hospital from May 2, 2016, to September 7, 2016, and describes several of the injuries that the plaintiff allegedly sustained during that period. As the notice of claim was sufficient to enable the defendants to conduct a proper investigation and assess the merits of the claim, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them (see Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d at 1052-1053; DeLeonibus v Scognamillo, 183 AD2d 697, 698).
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court