Santos v Westchester Med. Ctr. (2023 NY Slip Op 02802)

Santos v Westchester Med. Ctr.

2023 NY Slip Op 02802

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2022-05740
 (Index No. 54454/20)

[*1]Melody Santos, etc., respondent
v
Westchester Medical Center, appellant.

Heidell, Pittoni, Murphy & Bach, LLP, Garden City, NY (Daniel S. Ratner, Daniel Lei, and Alejandra R. Gil of counsel), for appellant.
The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly and Mitchell L. Gittin of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5), inter alia, to deem a late notice of claim timely served nunc pro tunc, Westchester Medical Center appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated July 12, 2022. The order granted that branch of the petition which was to deem a late notice of claim timely served nunc pro tunc.
ORDERED that the order is affirmed, with costs.
In determining whether to grant leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in its defense (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461). The presence or absence of any one factor is not determinative (see J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d 880, 882; Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d 670, 671-672). However, "'whether the public corporation had actual knowledge of the essential facts constituting the claim'" within 90 days after the claim arose or a reasonable time thereafter "'is of great importance'" (Matter of Romero v County of Suffolk, 208 AD3d 662, 663, quoting Matter of Tejada v City of New York, 161 AD3d 876, 877).
In order for medical records to establish actual knowledge for the purposes of General Municipal Law § 50-e(5), "the medical records must do more than 'suggest' that an injury occurred as a result of malpractice . . . the medical records must 'evince that the medical staff, by its acts or omissions, inflicted an injury on plaintiff' in order for the medical provider to have actual knowledge of the essential facts" (Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677, quoting Williams v Nassau County Med. Ctr., 6 NY3d 531, 537). Here, Westchester Medical Center (hereinafter WMC) acquired actual knowledge of the essential facts underlying the [*2]claim by virtue of the medical records pertaining to the sufficiency of the respiratory support given to the subject newborn child, after his premature birth and transfer to WMC (see J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d at 884; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 942).
The delay in serving the notice of claim was at least in part attributable to the child's infancy, since it was not apparent that the child had suffered a permanent brain injury, nor was the extent of the injury, apparent until after the 90-day period expired (see Feduniak v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.], 170 AD3d 663, 665).
On the question of prejudice, the petitioner was required to "present some evidence or plausible argument that supports a finding of no substantial prejudice" to WMC from the late notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466). Here, the petitioner met this burden based upon the detailed medical records, laying out the issues in the case. WMC notes that four of the six physicians who treated the infant are no longer employed by WMC, but there is no indication in the record that those physicians are actually unavailable (see Matter of Kumar v Westchester County Health Care Corp., 78 AD3d 1054, 1055; Caminero v New York City Health & Hosps. Corp. [Bronx Mun. Hosp. Ctr.], 21 AD3d 330, 333).
WMC's remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the petition which was to deem the late notice of claim timely served nunc pro tunc.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court