Mitchell v Jimenez (2024 NY Slip Op 06192)

Mitchell v Jimenez

2024 NY Slip Op 06192

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-02284
 (Index No. 520208/19)

[*1]Shaneil Mitchell, plaintiff, Christopher Clark, appellant, 
v
Yajiara Jimenez, defendant, City of New York, et al., respondents.

Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Carolyn M. Canoneri of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jane L. Gordon and Antonella Karlin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Christopher Clark appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated March 1, 2022. The order denied that plaintiff's motion pursuant to General Municipal Law § 50-e(6) for leave to amend his notice of claim and pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the plaintiff Christopher Clark which was pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action pursuant to General Municipal Law § 205-e predicated upon alleged violations of Vehicle and Traffic Law §§ 1111, 1212, and 1144(b), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
Christopher Clark (hereinafter the plaintiff) served a timely notice of claim upon the defendant City of New York, alleging that he was injured in October 2018 while working as a police officer with the New York City Police Department. According to the notice of claim, at that time, the plaintiff was a passenger in a police vehicle driven by the defendant Michael Lassen, also a police officer, which collided with a vehicle driven by the defendant Yajiara Jimenez. The notice of claim alleged, inter alia, that, on the date at issue, with the police vehicle's lights and siren activated, Lassen drove the police vehicle through a red light at an intersection in Brooklyn when it was struck by the vehicle owned and operated by Jimenez. The notice of claim asserted, among other things, negligent and reckless conduct by Lassen with respect to his operation of the police vehicle, and negligent conduct by the City with respect to supervision and training of Lassen. Thereafter, the plaintiff appeared for and testified at a hearing pursuant to General Municipal Law § 50-h.
In September 2019, the plaintiff, among others, commenced this action against the City and Lassen (hereinafter together the City defendants) and Jimenez to recover damages for injuries he alleged he sustained in the accident. More than one year later, the plaintiff moved [*2]pursuant to General Municipal Law § 50-e(6) for leave to amend his notice of claim and pursuant to CPLR 3025(b) for leave to amend the complaint. By order dated March 1, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A timely and sufficient notice of claim is a condition precedent to asserting a tort claim against a municipality or public benefit corporation" (Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d 1051, 1052, citing General Municipal Law § 50-e[1][a]). "A notice of claim must set forth, inter alia, the nature of the claim, and the time, place, and manner in which the claim arose" (Lipani v Hiawatha Elementary Sch., 153 AD3d 1247, 1248, citing General Municipal Law § 50-e[2]). "The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the claim and to explore the merits of the claim while information is still readily available" (Harrison v City of New York, 197 AD3d 630, 630-631 [alterations and internal quotation marks omitted]). Pursuant to General Municipal Law § 50-e(6), "[a] notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, [but] not to substantively change the nature of the claim or the theory of liability" (Castillo v Kings County Hosp. Ctr., 149 AD3d 896, 897; see Matter of Johnson v County of Suffolk, 167 AD3d 742, 743-744). "Amendments of a substantive nature are not within the purview of [the statute]" (Macareno v New York City Tr. Auth., 206 AD3d 642, 643 [internal quotation marks omitted]).
The plaintiff's notice of claim set forth various theories of liability relating to Lassen's alleged negligent and/or reckless operation of the police vehicle, and the City's purported failure to adequately supervise, hire, instruct, and/or train police officers in relation to the operation of vehicles. Contrary to the plaintiff's contention, his allegations in the proposed amended notice of claim that were unrelated to vehicle operation did not serve merely to "correct . . . technical mistakes, omissions, or defects" (Castillo v Kings County Hosp. Ctr., 149 AD3d at 897). Since the plaintiff sought to include various claims relating to new theories of liability regarding the allegedly unsafe condition of the police vehicle, including, inter alia, that the City failed to have "second impact protection" and "padding inside the vehicle," and that "a ballistic shield [improperly] encumbered the space inside the vehicle," as well as a violation of Vehicle and Traffic Law § 375(1), which, inter alia, requires every motor vehicle to be furnished with certain equipment, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to amend his notice of claim to add those allegations (see Macareno v New York City Tr. Auth., 206 AD3d at 643; Congero v City of Glen Cove, 193 AD3d 679, 681). The court also properly denied that branch of the plaintiff's motion which was for leave to amend his notice of claim to include a claim that the City "fail[ed] to provide a safe place to work" in violation of Labor Law § 27-a(3), since that allegation improperly constituted a new theory of liability, and was therefore outside "the purview of General Municipal Law § 50-e(6)" (Macareno v New York City Tr. Auth., 206 AD3d at 643 [internal quotation marks omitted]). Contrary to the plaintiff's contention, his testimony at the General Municipal Law § 50-h hearing could not serve as a basis to amend his notice of claim to assert these new theories of liability, since the relevant allegations did not serve to correct "technical mistake[s], omission[s], irregularit[ies], or defect[s]" (Mosley v City of New York, 217 AD3d 857, 859 [internal quotation marks omitted]).
To the extent that the plaintiff's motion sought leave to amend his notice of claim to add claims pursuant to General Municipal Law § 205-e predicated upon alleged violations of Vehicle and Traffic Law §§ 1129(a), 1140, and 1225-c, there was no need to amend the notice of claim because the allegations therein were sufficient to alert the City to those potential causes of action under General Municipal Law § 205-e (see Bartley v County of Orange, 111 AD3d 772, 772-773).
Moreover, although leave to amend a pleading pursuant to CPLR 3025(b) shall be freely given and allegations in a pleading that merely amplify those in a notice of claim are permissible, "allegations [that] go beyond mere amplification" and "instead [constitute] new, distinct, and independent theories of liability" are not permissible (see Mosley v City of New York, 217 AD3d at 860; Bartley v County of Orange, 111 AD3d at 774). Thus, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to amend the complaint to [*3]add "causes of action or legal theories . . . that were not directly or indirectly mentioned in the notice of claim and that change[d] the nature of the claim or assert[ed] a new one" (Jacobowitz v City of New York, 222 AD3d 953, 955 [internal quotation marks omitted]).
However, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to amend the complaint to add allegations relating to purported acts or omissions regarding Lassen's operation of the police vehicle, including causes of action pursuant to General Municipal Law § 205-e asserted against the City defendants and predicated upon Lassen's alleged violation of various provisions of the Vehicle and Traffic Law regulating the operation of motor vehicles (see Bartley v County of Orange, 111 AD3d at 774). These causes of action were based upon the same purported acts and omissions already set forth in the notice of claim (see id.). Since Lassen's alleged negligent and/or reckless operation of the police vehicle and the City's concomitant negligence in failing to properly supervise and/or train Lassen were set forth in the notice of claim and the complaint, the new allegations effectively "amplif[ied]" the previously asserted allegations and did not constitute "new, distinct, and independent theories of liability" (Mosley v City of New York, 217 AD3d at 860; see Ryan v Town of Riverhead, 117 AD3d 707, 710). The fact that the proposed amended complaint alleged violations of statutory provisions not set forth in the notice of claim or original complaint, was not, standing alone, a basis to deny leave to amend (see Matute v Town of Hempstead, 179 AD3d 1047, 1049; Ryan v Town of Riverhead, 117 AD3d at 710). Since the notice of claim "provided information . . . sufficient to alert the [defendants] to the potential [General Municipal Law § 205-e] cause[s] of action" predicated upon Lassen's alleged failure to properly operate the police vehicle (Bartley v County of Orange, 111 AD3d at 774; see Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d at 1052-1053), the court should not have denied that branch of the plaintiff's motion which was for leave to amend the complaint to add those allegations on the ground that they were outside the existing notice of claim.
"In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit. The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wilmington Sav. Fund Socy., FSB v Sotomayor, 222 AD3d 702, 703 [citations and internal quotation marks omitted]). "Delay alone is insufficient to bar an amendment to the pleading; it must be lateness coupled with significant prejudice to the other side" (Burger v Village of Sloatsburg, 216 AD3d 730, 731 [alterations and internal quotation marks omitted]).
The City defendants' contention that the plaintiff's proposed causes of action pursuant to General Municipal Law § 205-e were patently devoid of merit as time-barred is without merit in light of the provisions of CPLR 203(f) (see Calamari v Panos, 131 AD3d 1088, 1089). Although the City defendants correctly contend that the plaintiff's proposed amendment alleging a violation of Vehicle and Traffic Law § 1180(a) as a predicate for General Municipal Law § 205-e liability, based on the assertion that Lassen was operating the police vehicle at an excessive rate of speed, is palpably without merit as the allegation is expressly undermined by the plaintiff's own section 50-h hearing testimony (see Harper v City of New York, 129 AD2d 770, 770-772), the City defendants did not demonstrate that the causes of action pursuant to General Municipal Law § 205-e based on alleged violations Vehicle and Traffic Law §§ 1111, 1212, and 1144(b) were palpably insufficient or patently devoid of merit. Since the City defendants failed to meet their burden of demonstrating that these "proposed amendment[s] [are] palpably insufficient or patently devoid of merit," nor did they argue that they would suffer any prejudice or surprise, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to amend the complaint to include these causes of action (Wilmington Sav. Fund Socy., FSB v Sotomayor, 222 AD3d at 703; see Burger v Village of Sloatsburg, 216 AD3d at 731-732).
The City defendants' remaining contentions need not be reached in light of this determination.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court