Matter of Akangi v New York City Health & Hosps. Corp. (2024 NY Slip Op 06193)

Matter of Akangi v New York City Health & Hosps. Corp.

2024 NY Slip Op 06193

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-08050
 (Index No. 517014/22)

[*1]In the Matter of Momina Akangi, et al., appellants,
v
New York City Health & Hospitals Corp., et al., respondents.

Silver & Kelmachter, LLP, New York, NY (Perry Silver of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Hannah J. Sarokin of counsel), for respondents.

DECISION & ORDER
In a proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated September 9, 2022. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
In June 2022, the petitioners commenced this proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. The petitioners alleged that the petitioner Momina Akangi received treatment on November 29, 2021, and December 6, 2021, at the respondent Woodhull Hospital, which is operated by the respondent New York City Health & Hospitals Corporation (hereinafter NYCHHC). The petitioners further alleged that the respondents failed to timely diagnose and treat Akangi's neurological condition that subsequently required surgery at a different hospital. The petitioners also alleged that in January 2022, they served a copy of the notice of claim on the Office of the New York City Comptroller and acknowledged that they did not timely serve NYCHHC. In an order dated September 9, 2022, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.
"In determining whether to grant leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in its defense" (Santos v Westchester Med. Ctr., 216 AD3d 1121, 1122; see W.Z. v New York City Health & Hosps. Corp., 185 AD3d 759, 760). While the presence or absence of any one factor is not necessarily determinative, "'whether the public corporation had actual knowledge of the essential facts constituting the claim'" is a factor of "'great importance'" (Santos v Westchester Med. Ctr., 216 AD3d at 1122, quoting Matter of Romero v County of Suffolk, 208 AD3d 662, 663; see Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660).
Initially, the Court of Appeals has "long recognized" that the New York City Comptroller and NYCHHC are separate entities for purposes of service of a notice of claim (Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 611; see Watts v City of New York, 186 AD3d 1574, 1575). Accordingly, the petitioners, who concede that they served the notice of claim on the Office of the New York City Comptroller, and not on NYCHHC (see Matter of Watts v City of New York, 186 AD3d at 1575; Platt v New York City Health & Hosps. Corp., 105 AD3d 1026, 1027), failed to demonstrate a reasonable excuse for the failure to timely serve a notice of claim on NYCHHC (see Matter of Naar v City of New York, 161 AD3d 1081, 1083; Platt v New York City Health & Hosps. Corp., 105 AD3d at 1027-1028).
Moreover, the evidence submitted in support of the petition failed to establish that NYCHHC acquired actual knowledge of the facts constituting the petitioners' claims within 90 days after the claims arose or a reasonable time thereafter. The petitioners failed to establish that service of the notice of claim on the Office of the New York City Comptroller provided NYCHHC with actual knowledge of the facts constituting the petitioners' claims (see Platt v New York City Health & Hosps. Corp., 105 AD3d at 1028). Moreover, "[m]erely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury" (Williams v Nassau County Med. Ctr., 6 NY3d 531, 537; see Matter of Brown v New York City Health & Hosps. Corp., 190 AD3d 969, 970). Here, the petitioners failed to establish that the alleged medical malpractice was apparent from an independent review of Akangi's medical records from NYCHHC (see Matter of Sacha v City of New York Health & Hosps. Corp., 186 AD3d 489, 490; Matter of Smith v Westchester County Health Care Corp., 165 AD3d 1150, 1151). Similarly, a Yelp review written by Akangi's daughter concerning Akangi's treatment at Woodhull Hospital, which did not include Akangi's name, failed to demonstrate that NYCHHC acquired actual knowledge of the facts constituting the petitioners' claims.
The petitioners also failed to demonstrate that the respondents would not be substantially prejudiced by the delay in seeking leave to serve a late notice of claim (see Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 645-646; Matter of Brown v New York City Health & Hosps. Corp., 190 AD3d at 970).
The petitioners' remaining contention need not be reached in light of our determination.
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court