Kazeem v New York City Health & Hosps. Corp. (Queens Hosp. Center) (2026 NY Slip Op 01497)

Kazeem v New York City Health & Hosps. Corp. (Queens Hosp. Center)

2026 NY Slip Op 01497

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-04811
 (Index No. 701232/20)

[*1]Adeolabisi Kabiru Kazeem, etc., appellant,
vNew York City Health and Hospitals Corporation (Queens Hospital Center), respondent.

The Fitzgerald Law Firm, P.C. (Mitchell Gittin and John M. Daly, Yonkers, NY, of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Elina Druker, Jeremy Pepper, and Bo Malin-Mayor of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 21, 2021. The order denied the plaintiff's motion for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc and granted the defendant's cross-motion to dismiss the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was to deem a late notice of claim timely served nunc pro tunc is granted, that branch of the motion which was for leave to serve a late notice of claim is denied as academic, and the defendant's cross-motion to dismiss the complaint is denied.
On October 22, 2018, the plaintiff's decedent was born premature at 25 weeks gestation at Queens Hospital Center (hereinafter QHC) and received treatment at QHC until November 1, 2018, when the decedent was transferred to another medical facility after developing an infection. On November 3, 2018, the decedent died due to sepsis from an infected liver abscess. On May 24, 2019, the plaintiff served a notice of claim on the defendant, alleging, inter alia, medical malpractice and wrongful death stemming from the treatment that the decedent received at QHC. In January 2020, the plaintiff commenced this action and moved for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc. The defendant opposed the motion and cross-moved to dismiss the complaint. In an order entered June 21, 2021, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
"A timely and sufficient notice of claim is a condition precedent to asserting a tort claim against a municipality or public benefit corporation" (Matter of Johnson v County of Suffolk, 167 AD3d 742, 743 [internal quotation marks omitted]; see General Municipal Law § 50-e[1][a]). General Municipal Law § 50-e, in pertinent part, "requires that the claimant state the nature of the claim and the time when, the place where, and the manner in which it arose" (Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d 1051, 1052; see General Municipal Law § 50-e[2]). "The purpose of the statutory notice of claim requirement is to afford the public corporation an [*2]adequate opportunity to investigate the circumstances surrounding the [claim] and to explore the merits of the claim while information is still readily available" (Carroll v City of New York, 149 AD3d 1026, 1027 [internal quotation marks omitted]). Thus, the "requirements of the statute are met when the notice describes the [claim] with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim" (Conn v Tutor Perini Corp., 174 AD3d 680, 681 [internal quotation marks omitted]).
Moreover, "[t]he Legislature did not intend that the claimant have the additional burden of pleading causes of action and legal theories, proper for the pleadings, in the notice of claim . . . [.] General Municipal Law § 50-e was not meant as a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones" (Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d at 1052 [internal quotation marks omitted]). As such, "a claimant need not state a precise cause of action in haec verba in a notice of claim" (id. [internal quotation marks omitted]).
Here, the Supreme Court erred in its determination that the notice of claim failed to satisfy the requirements of General Municipal Law § 50-e(2). The notice of claim alleges, among other things, that the decedent was treated at QHC from October 22, 2018, to November 1, 2018, and as a result of negligence and medical malpractice during her treatment there, the decedent suffered injuries, which included "organ system disability and failures" and "wrongful death." Such allegations were sufficient to enable the defendant to conduct a proper investigation and to assess the merits of the claim (see Harrison v City of New York, 197 AD3d 630, 630-631; Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d at 1052).
"In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, a court must consider all relevant circumstances, including, but not limited to, [1] whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, [2] whether the delay would substantially prejudice the municipality in its defense, and [3] whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (Matter of Ionescu v City of New York, 230 AD3d 1143, 1144; see Walker-Little v Westchester Med. Ctr., 237 AD3d 1240, 1241). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance" (Matter of C.N. v City of New York, 208 AD3d 784, 785; see Matter of Anderson v City of New York, 237 AD3d 927, 928).
"Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury" (Williams v Nassau County Med. Ctr., 6 NY3d 531, 537). "Where the alleged malpractice is apparent from an independent review of the medical records, those records constitute 'actual knowledge of the facts constituting the claim'" (Matter of Godoy v Nassau Health Care Corp., 49 AD3d 541, 542, quoting Cifuentes v New York City Health & Hosps. Corp., 43 AD3d 385, 386).
Here, in support of his motion, the plaintiff submitted, inter alia, medical records and an affidavit of a physician who reviewed the records and concluded that there had been a departure from accepted medical practice (see Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256, 1258; Matter of Godoy v Nassau Health Care Corp., 49 AD3d at 542). Inasmuch as the medical records, upon independent review, suggested injury attributable to medical malpractice, the medical records provided the defendant with actual knowledge of the essential facts constituting the claim (see Santos v Westchester Med. Ctr., 216 AD3d 1121, 1122; Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256, 1258; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 942).
Furthermore, the plaintiff made an initial showing that the defendant would not suffer prejudice by the plaintiff's delay in serving the notice of claim, and the defendant failed to rebut the plaintiff's showing with particularized indicia of prejudice (see Matter of Newcomb v Middle [*3]Country Cent. Sch. Dist., 28 NY3d 455, 466-467; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d at 942). Additionally, the plaintiff provided a reasonable excuse for the initial delay in serving the notice of claim, since the autopsy report for the decedent was not yet available (see Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870, 872). Further, although the plaintiff failed to demonstrate a reasonable excuse for the additional eight-month delay in moving for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc (see Matter of Simpson v City of New York, 222 AD3d 986, 987; Matter of Vincent v City of New York, 208 AD3d 589, 590), the lack of a reasonable excuse is not dispositive where, as here, there is actual knowledge of the essential facts constituting the claim and an absence of prejudice (see Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d at 942; Matter of March v Town of Wappinger, 29 AD3d 998, 999).
Thus, the Supreme Court should have granted that branch of the plaintiff's motion which was to deem the late notice of claim timely served nunc pro tunc and denied the defendant's cross-motion to dismiss the complaint.
The parties' remaining contentions either need not be reached or are without merit.
IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.

2021-04811 DECISION & ORDER ON MOTION
Adeolabisi Kabiru Kazeem, etc., appellant,
v New York City Health and Hospitals Corporation
(Queens Hospital Center), respondent.
(Index No. 701232/20)

Appeal from an order of the Supreme Court, Queens County, entered June 21, 2021. Motion by the appellant for this Court to take judicial notice of a certain document. By decision and order on motion of this Court dated May 11, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court